Jeffrey A. Kobulnick - Bar No. 228299
Michael A. Bernet - Bar No. 306657
BRUTZKUS GUBNER
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone:   (818) 827-9000
Facsimile:   (818) 827-9099
Email:        jkobulnick@bg.law
              mbernet@bg.law

Attorneys for Defendants, AN & ASSOCIATES CO., INC., AMAR GANDHI, and
NIRAV MAYUR GANDHI

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.A. GEM & JEWELRY DESIGN, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>AN & ASSOCIATES CO., INC., a Canadian Corporation d//b/a ASHLEY JEWELS, d/b/a BOARDWALK BUY, d/b/a EFAMILYMART, d/b/a EPACIFICMALL, d/b/a FLORENCE SCOVEL, d/b/a MENPURA, d/b/a RAMADELAS, d/b/a 99SANTA; AMAR GANDHI, an Individual; NIRAV MAYUR GANDHI, an Individual; and DOES 1-10;<br><br>Defendants. | Case No. 2:17-cv-02417-CAS-JEM<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, TO DISMISS DUE TO IMPROPER VENUE**<br><br>Assigned to:  Hon. Christina A. Snyder<br><br>*[Request for Judicial Notice and Supplemental Declarations of Jeffrey A. Kobulnick and Nirav Gandhi filed Concurrently Herewith]*<br><br>Hearing Date:        December 4, 2017<br>Time:                10:00 a.m.<br>Courtroom:           8D (1st Street) |

1

4711.002
1874994

4711.002
1874994

# **TABLE OF CONTENTS**

Page

I.    INTRODUCTION ........................................................................... 2

II.   THE MOTION SHOULD BE GRANTED ........................................ 2

A.    Plaintiffs Allegations Made "Upon Information and Belief" Cannot Be Accepted As True Because They Not Supported By Any Evidence And Are Directly Controverted By Defendants' Sworn Statements ........................................................................... 2

B.    Plaintiff Concedes that California Lacks General Jurisdiction ............ 4

C.    Plaintiff Presents No Evidence Supporting Personal Jurisdiction over Amar or Nirav Gandhi, or Even their Inclusion in this Lawsuit .. 4

D.    The "Purposeful Availment" Prong Is Not Met ................................... 6

1.    Mere allegations of willful infringement, which are refuted by documentary evidence, cannot establish personal jurisdiction. ........................................................................ 6

2.    Ignorance of copyright ownership does not establish express aiming at California – it undermines it. ....................................... 6

3.    Plaintiff's reliance on *Cirana* is misplaced. ............................. 7

4.    This Court has already declared that contracts with California-based social media companies do not establish consent to personal jurisdiction in California in lawsuits with third parties. ........................................................................ 9

5.    Defendants' reliance on the promotional video is misplaced ..... 9

6.    Plaintiff concedes that its own purchases are irrelevant........... 12

E.    The "Arising Out of" Prong Is Not Met ............................................. 13

F.    Fed. R. Civ. P. 4(k)(2) Is Not A Proper Basis for Jurisdiction .......... 13

1.    Fed. R. Civ. P. 4(k)(2) is not alleged as a basis for personal jurisdiction in Plaintiff's First Amended Complaint. ............... 13

2.    Plaintiff's reliance on Fed. R. Civ. P. 4(k)(2) is misplaced ...... 13

G.    Venue in this Judicial District Would Be Improper............................. 16

1.    Plaintiff concedes venue is improper under 28 U.S.C. § 1391(b) and 1400(a)................................................................ 16

2.    Venue would be improper under 28 U.S.C. § 1391(c)(3). ........ 16

H.    Plaintiff's Attempts to Discredit Defendants Are Unavailing ............ 17

1.    No sales were made through Defendants' other websites, which are also all owned and operated solely out of Canada ... 17

2.    Plaintiff's recent purchase was inadvertent, and promptly cancelled. ................................................................................ 17

3.    Defendants' manufacturer, Bob, is a real person..................... 18

I.    Jurisdictional Discovery Would Not Controvert Defendants' Sworn Statements, and is Unnecessary Since the Record is Sufficiently Developed......................................................................... 18

III.   CONCLUSION ........................................................................... 19

i

1

## **TABLE OF AUTHORITIES**

Page

2

**Cases**

*Asahi Metal Indus. Co. v. Superior Court of California, Solano Cty,*
 480 U.S. 102 (1987) ................................................................15

*Cirana Corp. v. Changshu Jisheng Spinning,*
 No. 216CV4590CASGJSX, 2016 WL 5890061
 (C.D. Cal. Oct. 6, 2016) ..........................................................7, 8

*Data Disc, Inc. v. Sys. Tech. Assocs., Inc.,*
 557 F.2d 1280 (9th Cir. 1977)..............................................4, 6, 9

*Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,*
 456 U.S. 694 (1982) ............................................................16, 17

*L.A. Gem & Jewelry Design, Inc. v. Ecommerce Innovations, LLC*
 No. CV 16-9325-RSWL-KSX, 2017 WL 1535084,
 (C.D. Cal. Apr. 27, 2017).......................................5, 9, 12, 13, 18

*L.A. Gem & Jewelry Design, Inc. v. Reese,*
 No. CV 15-03035 SJO MRWX, 2015 WL 4163336
 (C.D. Cal. July 9, 2015) .........................................................3, 16

*L.A. Gem & Jewelry Design, Inc. v. Reese,*
 No. CV 15-03035 SJO MRWX, 2015 WL 4607117
 (C.D. Cal. July 9, 2015) ...............................................................3

*Mavrix Photo, Inc. v. Brand Techs., Inc.,*
 647 F.3d 1218 (9th Cir. 2011)......................................................4

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.,*
 243 F. Supp. 2d 1073 (C.D. Cal 2003) .......................................17

*NuCal Foods, Inc. v. Quality Egg LLC,*
 887 F. Supp. 2d 977 (E.D. Cal. 2012)...........................................6

*Nutrivita Labs., Inc. v. VBS Distribution, Inc.,*
 No. SACV1301635CJCDFMX,  2014 WL 12584303
 (C.D. Cal. Jan. 9, 2014)...............................................................6

*Pebble Beach Co. v. Caddy,*
 453 F.3d 1151 (9th Cir. 2006)................................4, 13, 14, 18

*Simone v. VSL Pharm., Inc.,*
 No. CV TDC-15-1356, 2017 WL 658711
 (D. Md. Feb. 16, 2017)...............................................................12

*Swartz v. KPMG LLP*
 476 F.3d 756 (9th Cir. 2007)........................................................6

*Washington Shoe Co. v. A-Z Sporting Goods Inc.,*
 704 F.3d 668 (9th Cir. 2012)........................................................6

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ii

4711.002
1874994

**Statutes**
28 U.S.C.

§ 1391(a) ...................................................................................................... 16

§ 1391(b) ...................................................................................................... 16

§ 1391(c)(3) ................................................................................................. 16

§ 1400(a) ...................................................................................................... 16

**Rules**
Fed. R. Civ. P.

Rule 4(k)(2) ............................................................................................ 13, 14

Rule 8(a)(1) .................................................................................................. 13

Local Rule 7-9 ...................................................................................... 4, 12, 16

REPLY IN SUPPORT OF MOTION TO DISMISS

4711.002
1874994

Defendants, AN & ASSOCIATES CO., INC. ("An & Associates"), AMAR GANDHI ("Amar"), and NIRAV MAYUR GANDHI ("Nirav") (collectively, "Defendants"), hereby submit this Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss (the "Opposition") (ECF 28), as follows:

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff's First Amended Complaint (ECF 13) and Opposition (ECF 28) are based entirely "upon information and belief," attenuated evidence, misapplications of law, and ignorance of this Court's prior orders (Judges Lew and Otero) to Plaintiff and its counsel on very similar issues involving the very same jewelry.  Plaintiff has failed to meet its burden of establishing that personal jurisdiction is appropriate in California with respect to each Defendant, in the face of detailed and sworn affidavits demonstrating that personal jurisdiction is improper as to each of them.  Likewise, because the factual record is sufficiently developed for this Court to determine whether the exercise of personal jurisdiction is appropriate, Plaintiff's request for jurisdictional discovery should be denied, and this entire case should be dismissed *with prejudice*.

## II.    THE MOTION SHOULD BE GRANTED

### A.    Plaintiffs Allegations Made "Upon Information and Belief" Cannot Be Accepted As True Because They Not Supported By Any Evidence And Are Directly Controverted By Defendants' Sworn Statements

In its Opposition, Plaintiff asks this Court to overlook the fact that (1) all of its allegations supporting personal jurisdiction are based solely "upon information and belief" (*see* ECF 13 ¶¶ 4, 6-8, 13, 20-22, 30-32, 39-41), and (2) that such allegations are directly controverted by the sworn statements of Amar and Nirav Gandhi (*see generally* ECF 27-2; ECF 27-3), because Defendants did not *also* submit "any sales records or internet 'click' or 'hit' records" with its Motion. (ECF 28 at 15:5.)  Plaintiff contends that these records constitute "information peculiarly within the possession and control of Defendants," such that by not submitting them along with their declarations,

under *Hand & Nail*, should result in all of Plaintiff's personal jurisdiction allegations being taken as true. (*Id.* at 15:5-8.)

This is the identical argument and case (*Hand & Nail*) that Plaintiff and its counsel made in response to a motion to dismiss for lack of personal jurisdiction in another recent case before this Court (Judge Otero), involving the same jewelry designs at issue, and which this Court rejected and found no personal jurisdiction in California based on a Utah-based defendant's alleged online sales through Facebook and other websites. *Compare L.A. Gem & Jewelry Design, Inc. v. Reese*, No. CV 15-03035 SJO MRWX, 2015 WL 4607117, at III.C (Plaintiff's opposition to motion to dismiss) *with L.A. Gem & Jewelry Design, Inc. v. Reese*, No. CV 15-03035 SJO MRWX, 2015 WL 4163336, at *5 (C.D. Cal. July 9, 2015) (Order accepting defendant's sworn statements (controverting plaintiff's unsupported allegations) as true and finding the exercise of personal jurisdiction in California improper).

*Hand & Nail* is completely inapposite. The order from that case containing the citation that Plaintiff is referring to—an order granting an <u>unopposed</u> ex parte application for entry of a temporary restraining order (in a case involving counterfeit goods sold through a counterfeit website)—the identities of the defendants were unknown and they were not yet served with the complaint. (*See* Request for Judicial Notice ("RJN") ¶ 1, Ex. 1.) For that reason, in ruling upon and granting the unopposed ex parte application, the Court addressed personal jurisdiction *sua sponte*, and determined that because the defendants had not yet been served with the complaint or the ex parte application, and therefore had not yet controverted the plaintiff's personal jurisdiction allegations, and because the knowledge of those facts appeared to be solely within the unknown defendants' possession, accepting plaintiff's personal jurisdiction allegations for purposes of the ex parte application was not unreasonable. (*See* RJN ¶ 1, Ex. 1, at *6 n. 5.)

Here, Defendants have been identified, served, and have controverted with sworn affidavits (which were filed with the Motion) all of Plaintiff's personal jurisdiction

allegations that are supported by nothing more than "information and belief." (*Compare* ECF 13 ¶¶ 4, 6-8, 13, 20-22, 30-32, 39-41 *with* ECF 27-2 *and* ECF 27-3.)  This requires that all of Plaintiff's allegations based solely "upon information and belief" not be accepted as true.  *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) ("[W]e may not assume the truth of allegations in a pleading which are contradicted by affidavit," *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977), but we resolve factual disputes in the plaintiff's favor, *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).")

Because <u>all</u> of Plaintiff's allegations supporting personal jurisdiction are based solely "upon information and belief" (*see* ECF 13 ¶¶ 4, 6-8, 13, 20-22, 30-32, 39-41), and because <u>all</u> of those allegations are controverted by Defendants' sworn statements (*see generally* ECF 27-2; ECF 27-3), and because Plaintiff has not created a factual dispute with respect to <u>any</u> of those allegations with its own declarations submitted with its Opposition (*see generally* ECF 28), Plaintiff's First Amended Complaint (ECF 13) must be dismissed for lack of personal jurisdiction.  *See id.*

## B.   Plaintiff Concedes that California Lacks General Jurisdiction

Despite the prominent arguments set forth in Defendants' Motion, noticeably absent from Plaintiff's Opposition is any mention of, or argument supporting, general jurisdiction over Defendants in California.  (*See generally* ECF 28.)  This Court's Local Rule 7-9 states that opposing papers "shall contain a statement of <u>all</u> the reasons in opposition [to the motion] and the points and authorities upon which the opposing party will rely."  L.R. 7-9 (emphasis added).  By failing to address Defendants' points and authorities on this topic, it appears that Plaintiff concedes California lacks general jurisdiction over Defendants.

## C.   Plaintiff Presents No Evidence Supporting Personal Jurisdiction over Amar or Nirav Gandhi, or Even their Inclusion in this Lawsuit

In its Opposition, Plaintiff contends that the letter from Defendants' manufacturer, stating that his company gave "full rights and permission to Nirav Gandhi

and Amar Gandhi to sell [the jewelry on its] behalf" (ECF 28-5 at 16) proves that Amar and Nirav committed the alleged misconduct in their personal capacities. (ECF 28 at 11:22-28.) Plaintiff's argument is a giant and unreasonable stretch, which this Court should reject.

Beyond this letter, which Defendants voluntarily produced to Plaintiff to demonstrate *lack* of willful infringement by reliance on representations from their manufacturer, and which Plaintiff is taking completely out of context; Plaintiff has presented no evidence that Amar or Nirav have any contacts with California, or that they "personally directed" the alleged misconduct beyond their capacities as corporate officers of An & Associates. (*See generally* ECF 13; ECF 28.) Instead, beyond this letter, Plaintiff is relying exclusively on its refuted allegations in its First Amended Complaint, that Amar and Nirav are "guiding spirits and/or central figures" of An & Associates and have "control over the day to day operations thereof," and which allegations are based solely "upon information and belief." (ECF 13 ¶¶ 7-8.)

As this Court recently explained to Plaintiff and its counsel, in another case involving the same jewelry designs, these sorts of general and conclusory allegations are not sufficient to establish personal jurisdiction over corporate officers and directors:

> Plaintiff alleges in its Complaint that Strager "is a principal, guiding spirit, and/or central figure" in Ecommerce and EOR with "control over the day to day operations," Compl. ¶ 6, and Defendants stated that Strager handles "management and oversight of the sales, manufacturing and distribution [plus] ... design, production, and customer fulfillment for [Ecommerce and EOR]." Strager Decl. ¶¶ 1, 5. Beyond these general allegations, the Court cannot say that Strager, in his individual capacity, was a "primary participant" in the alleged wrongdoing.

*L.A. Gem & Jewelry Design, Inc. v. Ecommerce Innovations, LLC*, No. CV 16-9325-RSWL-KSX, 2017 WL 1535084, at *8 (C.D. Cal. Apr. 27, 2017).

Since Plaintiff has presented no evidence beyond these conclusory allegations, there is no basis for the exercise of personal jurisdiction in California over Amar or

Nirav Gandhi in their personal capacities, or including them in this lawsuit at all.

### D. The "Purposeful Availment" Prong Is Not Met

#### 1. <u>Mere allegations of willful infringement, which are refuted by documentary evidence, cannot establish personal jurisdiction.</u>

Plaintiff correctly notes, as the Ninth Circuit has said, that "the impact of a willful infringement is necessarily directed there as well." *Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 678 (9th Cir. 2012). However, a plaintiff cannot manufacture personal jurisdiction based merely on *allegations* of willful infringement, when those allegations are controverted by affidavit. *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977) (The Court may not assume the truth of allegations that are contradicted by affidavit); *NuCal Foods, Inc. v. Quality Egg* LLC, 887 F. Supp. 2d 977, 988 (E.D. Cal. 2012) (The Court also need not consider merely conclusory claims, or legal conclusions in the complaint, as establishing jurisdiction); *see also Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007) ("[M]ere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden."); *Nutrivita Labs., Inc. v. VBS Distribution, Inc.*, No. SACV1301635CJCDFMX, 2014 WL 12584303, at *2 (C.D. Cal. Jan. 9, 2014) (granting motion to dismiss where all allegations were conclusory or based upon "information and belief.").

If that were the standard, then every plaintiff could establish personal jurisdiction over any defendant merely by alleging willful infringement in its complaint, without any evidence supporting that allegation, which would clearly be an unreasonable standard and would violate due process.

#### 2. <u>Ignorance of copyright ownership does not establish express aiming at California – it undermines it.</u>

In its Opposition, Plaintiff asserts that "Defendants' failure to conduct a copyright clearance or due diligence investigation before selling any of the [jewelry at issue] demonstrates willful infringement satisfying the 'expressly aimed' prong." (ECF 28 at

6

11:25-28).  Plaintiff is mistaken.

It is not possible for anyone, including Defendants, to search the U.S. Copyright Office database for jewelry designs, or even see images of jewelry designs registered with the Copyright Office, let alone be able to learn who owns a claimed copyright to any design.  (Kobulnick Decl. ¶ 4.)  Publicly available U.S. Copyright Office database records online do not include images of deposit copies for any registered works.  (*Id.*)  Likewise, it is not possible for anyone, including Defendants, to learn from available U.S. Copyright Office records who owns a claimed copyright to any particular registered design.  (*Id.*)  That is, there is no feasible way for any defendant, in any case, to conduct a copyright clearance search.  (*Id.*)

Further, even if there were some way to do so, failure to conduct a copyright clearance or due diligence investigation would only demonstrate ignorance of the identity and location of a copyright owner, which undermines both of Plaintiff's conclusions that (1) infringement is willful, and (2) that Defendants knew or should have known the "effects" of their alleged infringement would be "felt in California."

### 3.  Plaintiff's reliance on *Cirana* is misplaced.

Plaintiff also improperly relies upon a recent case in this Court (Judge Snyder), where Defendants' counsel (representing the plaintiff in that case) and the Court, relying upon Ninth Circuit authority, agreed that sufficiently supported willful infringement allegations do satisfy the express aiming prong for personal jurisdiction.  *See Cirana Corp. v. Changshu Jisheng Spinning*, No. 216CV4590CASGJSX, 2016 WL 5890061, at *6-7 (C.D. Cal. Oct. 6, 2016) ("*Cirana*").[1]  Plaintiff's reliance on *Cirana* is misplaced, however, because it is clearly factually distinguishable from the case at hand.

In *Cirana*, the plaintiff (copyright owner) brought copyright infringement and

---

[1] As a side note, Plaintiff incorrectly suggests that this Court "concluded" that motion "against" Defendants' counsel.  (ECF 28 at 18:8-12).  Defendants' counsel prevailed on that motion.  *See Cirana Corp. v. Changshu Jisheng Spinning*, No. 216CV4590CASGJSX, 2016 WL 5890061, at *8 (C.D. Cal. Oct. 6, 2016).

REPLY IN SUPPORT OF MOTION TO DISMISS

tortious interference claims (among other claims) against its *own* garment manufacturer, located in China, to whom the plaintiff had licensed its copyrighted designs for the exclusive purpose of manufacturing garments for the plaintiff. *See id.*, 2016 WL 5890061 at *1. The plaintiff alleged that sometime after properly manufacturing garments for the plaintiff, the defendant improperly manufactured additional garments bearing plaintiff's copyrighted designs and sold them directly to third parties, including plaintiff's own customers at lower prices. *See id.*, 2016 WL 5890061 at *1. Based on the plaintiff's residency in California, the parties' existing business relationship, the fact that the plaintiff had actually delivered the copyrighted designs to the defendant, U.S. Customs records evidencing that the defendant shipped the allegedly infringing garments through California ports and to California retailers, and the defendant's failure to refute the plaintiff's arguments or evidence in any of its filings, the Court found sufficient evidence to support the willful infringement allegations, and express aiming and foreseeable effects in California. *See generally id.*, 2016 WL 5890061 at *1.

*Cirana* is completely inapposite to the case at hand. Here, Plaintiff merely alleges *willful* infringement by non-resident foreign Defendants without a shred of evidence that Defendants ever knew about Plaintiff prior to the alleged infringement. (*See generally* ECF 13; ECF 28.) In fact, Plaintiff seems to concede this point, claiming that Defendants were "willfully blind" as to Plaintiff's identity by reason of their failure to conduct copyright clearance or due diligence. (ECF 28 at 11:22-27.) Defendants have submitted sworn statements controverting these allegations, stating that they never knew of Plaintiff prior to the instant action and that they relied upon representations from their manufacturer that the jewelry at issue was free from any claims of infringement by third parties, and Defendants even provided Plaintiff with the name and contact information from their manufacturer and a signed letter from the manufacturer reflecting same. (ECF 27-2 ¶¶ 19-20; ECF 27-3 ¶¶ 19-20.)

Plaintiff, however, has not submitted any evidence to refute Defendants' sworn statements or documentary evidence, and is instead relying merely upon its conclusory

REPLY IN SUPPORT OF MOTION TO DISMISS

4711.002
1874994

allegations which are formed exclusively "upon information and belief." (*See* ECF 13 ¶¶ 4, 6-8, 13, 20-22, 30-32, 39-41; *see generally* ECF 28.)  Thus, Plaintiff's allegations of willful infringement cannot be assumed true, and cannot establish the "express aiming" requirement. *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977) (The Court may not assume the truth of allegations that are contradicted by affidavit).

### 4.   This Court has already declared that contracts with California-based social media companies do not establish consent to personal jurisdiction in California in lawsuits with third parties.

In another recent case filed by Plaintiff and its counsel in this Court (Judge Lew), involving the same jewelry designs as it issue, which were also advertised or sold online through Amazon and California-based social media companies, Plaintiff improperly attempted to establish consent to personal jurisdiction in California based on those companies' Terms of Service Agreements, which this Court properly rejected. *L.A. Gem & Jewelry Design, Inc. v. Ecommerce Innovations, LLC*, No. CV 16-9325-RSWL-KSX, 2017 WL 1535084, at *5 (C.D. Cal. Apr. 27, 2017) ("Plaintiff's argument–that Defendants stipulated to California jurisdiction through promotion contracts with various social media entities–is not well-taken . . . marketing the allegedly infringing jewelry through California-based social media companies like Facebook and Twitter is inadequate to constitute conduct 'expressly aimed' at California.") (citations omitted).

The same is true here with respect to An & Associates' Terms of Service and advertisements through Facebook, Groupon and Zulily.

### 5.   Defendants' reliance on the promotional video is misplaced.

In its Opposition, Plaintiff boldly and incorrectly claims that Defendants "identify California as one of their particularly well-performing regions" (ECF 28 at 2:16-17) and "identif[y] California as a target market" (*id.* at 6:27-28) because of a split-second digital graphic of a scrolling globe with many flashing markers on it, one of which Plaintiff asserts is on California, that was digitally superimposed (in post-

9

4711.002
1874994

production) on a wall in the background of a certain scene of a promotional video, which was re-posted to An & Associates' Facebook page.  (ECF 28.)

That video was not made by Defendants; it was made by Facebook Canada. (Nirav Decl. ¶ 5.)  The video was made by Facebook for the purpose of promoting Facebook's own "mobile-first business platform," not for promoting An & Associates (or any of the other Defendants), although Defendants did appreciate the media attention and re-posted the video to their own websites and Facebook pages.  (*Id.* ¶ 6.)  As confirmed by the transcript of the video prepared by Plaintiff's counsel, attached as Exhibit 1 to the declaration of Charity Graham (ECF 28-2), neither California nor the United States nor any other country, state or geographic location, is specifically mentioned in that video.  (*See* ECF 28-2.)

The promotional video only discusses on a very abstract level how Facebook's mobile-first business platform can assist companies in (1) appreciating "global" marketing considerations such as variances in governmental regulations, tariffs, and how media is consumed differently in different countries, and (2) how Facebook's "worldwide targeting feature" can be used to identify "regions" that are most responsive to global advertisements posted on Facebook.  (*See* ECF 28-2.)

Even though not specifically discussed in the video, the "regions" that were being referred to were entire countries, not states or even large regions within countries (such as East coast or West coast).  (Nirav Decl. ¶ 9.)  The video does not discuss or demonstrate in any manner that An & Associates has ever "targeted" any specific region, country or state, let alone California or the United States, and especially not with respect to the jewelry at issue.  (*See* ECF 28-2.)  Indeed, as sworn by Defendants in their prior-filed declarations in support of the instant Motion, An & Associates only advertised the jewelry at issue through a single global advertising campaign on Facebook, and did not specifically target California residents, or residents of any other location, through that advertising campaign.  (ECF 27-2 ¶ 17; ECF 27-3 ¶ 17.)

REPLY IN SUPPORT OF MOTION TO DISMISS

4711.002
1874994

1  A screenshot of the split-second image in the video that Plaintiff relies upon is

2  show below.



14  (ECF 28-2, at 0:35.)

15  A zoomed-in shot of that graphic, side-by side with more images of the scrolling

16  globe, all of which are shown within the time span of 5 seconds in the background of

17  the same scene, and from the same distance, is shown below:



| 0:35 | 0:38 | 0:40 |

REPLY IN SUPPORT OF MOTION TO DISMISS

4711.002
1874994

1   (*Id.*)

2        The flashing markers in that video are for demonstrative purposes only, to

3   illustrate to Facebook's potential customers the different markets that Facebook can

4   help them reach.  (Nirav Decl. ¶ 14.)  The flashing markers in that video have no

5   absolutely relation to An & Associates' actual sales or advertising targets, and any

6   overlap between those flashing markers and An & Associates' actual sales is completely

7   coincidental.  (*Id.* ¶ 15.)  Indeed, as Defendants have already sworn, An & Associates

8   only advertised the jewelry at issue through a single global advertising campaign on

9   Facebook, which did not specifically target California residents, or residents of any

10  other location.  (ECF 27-2 ¶ 17; ECF 27-3 ¶ 17.)  The digital graphics and flashing

11  markers in the video were made entirely by Facebook in post-production without any

12  input from Defendants.  (Nirav Decl. ¶ 17.)  Defendants did not even know about these

13  digital graphics or flashing markers until the video was published by Facebook.  (*Id.*)

14        **6.    Plaintiff concedes that its own purchases are irrelevant.**

15        While discussed in the instant motion to dismiss, and completely unaddressed in

16  Plaintiff's Opposition, this Court (Judge Lew) has already explained to Plaintiff and its

17  counsel that a plaintiff cannot manufacture purposeful direction by causing a

18  defendant's allegedly infringing products to be brought into the chosen forum through

19  an online trap purchase.  *L.A. Gem & Jewelry Design, Inc. v. Ecommerce Innovations,*

20  *LLC*, No. CV 16325-RSWL-KSX, 2017 WL 1535084, at *9 (C.D. Cal. Apr. 27, 2017)

21  (citing *Simone v. VSL Pharm., Inc.*, No. CV TDC-15-1356, 2017 WL 658711, at *5 (D.

22  Md. Feb. 16, 2017) ("defendants 'cannot be said to have 'purposely' availed themselves

23  of the protections of this forum when it was an act of someone associated with plaintiff,

24  rather than defendants' web site advertising, that brought defendants' product into this

25  forum.'") (citations omitted)).

26        By failing to address Defendants' points and authorities on this topic, it appears

27  that Plaintiff concedes the irrelevancy of these purchases for personal jurisdiction.  *See*

28  Local Rule 7-9 (Opposing papers "shall contain a statement of <u>all</u> the reasons in

4711.002
1874994

opposition [to the motion] and the points and authorities upon which the opposing party will rely.").

### E.    The "Arising Out of" Prong Is Not Met

In its Opposition (ECF 28), Plaintiff's entire argument that this controversy arises from Defendants' forum-related activities, rests upon Defendants' use of, and Terms of Service with, Facebook.  (*See* ECF 28 at 21:16-22:11.)  As discussed above, this Court (Judge Lew) has already rejected these arguments.  *L.A. Gem & Jewelry Design, Inc. v. Ecommerce Innovations, LLC*, No. CV 16-9325-RSWL-KSX, 2017 WL 1535084, at *5 (C.D. Cal. Apr. 27, 2017) ("Plaintiff's argument–that Defendants stipulated to California jurisdiction through promotion contracts with various social media entities– is not well-taken . . . marketing the allegedly infringing jewelry through California-based social media companies like Facebook and Twitter is inadequate to constitute conduct 'expressly aimed' at California.")  Accordingly, it cannot reasonably be said that this controversy arises from Defendants' forum-related activities.

### F.    Fed. R. Civ. P. 4(k)(2) Is Not A Proper Basis for Jurisdiction

####     1.    **Fed. R. Civ. P. 4(k)(2) is not alleged as a basis for personal jurisdiction in Plaintiff's First Amended Complaint.**

Plaintiff's First Amended Complaint does not allege that Defendants are subject to personal jurisdiction in California under Federal Rule of Civil Procedure 4(k)(2).  *See* ECF 13 ¶¶ 1-4.  Instead, Plaintiff raises this ground for the first time in its Opposition. (ECF 28.)  This fact alone warrants dismissal of Plaintiff's argument.  *See* Fed. R. Civ. P. 8(a)(1) (A complaint "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction.").

####     2.    **Plaintiff's reliance on Fed. R. Civ. P. 4(k)(2) is misplaced.**

Plaintiff correctly recites the factors of Federal Rule of Civil Procedure 4(k)(2), but misapplies them to the facts at hand.  (*See* ECF 28:22:18-25.)  Here, as in *Pebble Beach*, upon which Plaintiff relies, the third factor—due process—is not satisfied.  *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1159-60 (9th Cir. 2006).  As the Ninth

4711.002
1874994

Circuit explained in *Pebble Beach*, in analyzing the due process factor of Rule 4(k)(2), "our resolution here depends on whether [Defendants'] actions were purposefully directed at the United States." *Id.* at 1159.  Here, exactly the same as in *Pebble Beach*, "[Plaintiff's] arguments focus too much on the effects prong and not enough on the 'something more' requirement." *Id.*

Here, as in *Pebble Beach*, Plaintiff contends that the exercise of personal jurisdiction is appropriate because Defendants' foreign activities had the *effect* of products being shipped to the United States, instead of demonstrating that Defendants actually *targeted* the United States.  *See id.* at 1159-60 ("Pebble Beach's arguments do have intuitive appeal—they suggest a real effect on Americans.  However, as reiterated throughout this opinion, showing 'effect' satisfies only the third prong of the *Calder* test—it is not the 'something more' that is required.  In *Bancroft,* we stated that foreseeable effects alone are not sufficient to exercise jurisdiction, that 'something more' is required and that 'something more' is what the Supreme Court described as 'express aiming' at the forum state.")

The exercise of personal jurisdiction in California over Defendants based on their "nationwide contacts" is not appropriate because here, as in *Pebble Beach*, Defendants did not "expressly aim" their conduct towards the United States.  *See id.*  As Defendants have already sworn in their declarations submitted with this Motion, and uncontroverted by any *evidence* (as opposed to mere *allegations*) submitted by Plaintiff, An & Associates only advertised the jewelry at issue through a single <u>global</u> advertising campaign on Facebook, which was arranged through Facebook's Canadian division, located in Toronto, Ontario, Canada.  (ECF 27-2 ¶ 17; ECF 27-3 ¶ 17).  An & Associates did not specifically target California residents, or residents of any other location, with this advertising campaign.  (ECF 27-2 ¶ 17; ECF 27-3 ¶ 17.)

Additionally, Neither Amar nor Nirav Gandi have never been a resident of California, nor anywhere else in the United States. (ECF 27-2 ¶ 5; ECF 27-3 ¶ 5.)  Amar just earned his MBA in Ontario, Canada earlier this year, has only been to the United

4711.002
1874994

States a few times in his life, but has never been to California.  (ECF 27-2 ¶¶ 6-7.)  Nirav is still earning his MBA in a full-time program in Ontario, Canada, has also only been to the United States a few times in his life, and has only been to California once—four weeks ago on a class trip *after* receiving a copy of the FAC.  (ECF 27-3 ¶¶ 6-7.)

Further, An & Associates is only registered to do business in Ontario, Canada, not in California or anywhere else in the United States.  (ECF 27-2 ¶ 9; ECF 27-3 ¶ 9.) An & Associates has always been located in Ontario, Canada only, and has always conducted all of its business out of Ontario, Canada only.  (ECF 27-2 ¶ 10; ECF 27-3 ¶ 10.) All of An & Associates' offices, computers and merchandise are located in Canada, all of its merchandise is shipped from Canada, and any money that An & Associates receives is received in Canada.  (ECF 27-2 ¶ 11; ECF 27-3 ¶ 11.)  As far as Defendants are aware, An & Associates does not have any of its shipments from its overseas suppliers shipped through any United States ports.  (ECF 27-2 ¶ 13; ECF 27-3 ¶ 13.) Neither Amar, Nirav, nor An & Associates, have ever attended any tradeshows in California or the United States.  (ECF 27-2 ¶ 14; ECF 27-3 ¶ 14.)

Additionally, as the United States Supreme Court has declared, "The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State."  *Asahi Metal Indus. Co. v. Superior Court of California, Solano Cty.*, 480 U.S. 102, 112 (1987) (emphasis added) (finding the exercise of personal jurisdiction in California over a Japanese manufacturer "unreasonable and unfair").  Here, as the United States Supreme Court found in *Asahi*, the exercise of personal jurisdiction in California over Defendants based purely on their placement of products into the international stream of commerce, without more (i.e., express aiming), would violate due process.  *See id.*

Accordingly, Federal Rule of Civil Procedure 4(k)(2) cannot be used here as a basis for exercising personal jurisdiction over defendants, as Defendants did not "expressly aim" their activities towards California, or the United States.

REPLY IN SUPPORT OF MOTION TO DISMISS

4711.002
1874994

### G.    Venue in this Judicial District Would Be Improper

#### 1.    Plaintiff concedes venue is improper under 28 U.S.C. § 1391(b) and 1400(a).

Despite the prominent arguments set forth in Defendants' Motion, noticeably absent from Plaintiff's Opposition is any mention of, or argument supporting, venue in this judicial district under 28 U.S.C. § 1391(b) or 28 U.S.C. § 1400(a).  (*See generally* ECF 28.)  This Court's Local Rule 7-9 states that opposing papers "shall contain a statement of <u>all</u> the reasons in opposition [to the motion] and the points and authorities upon which the opposing party will rely."  L.R. 7-9 (emphasis added).  By failing to address Defendants' points and authorities on these topics, it appears that Plaintiff concedes venue in this judicial district would not be proper under those either of those statutes.

#### 2.    Venue would be improper under 28 U.S.C. § 1391(c)(3).

The only argument in Plaintiff's Opposition that venue in this judicial district is proper arises under 28 U.S.C. § 1391(c)(3).  (*See* ECF 28 at 21.)  Subsection (c), however, is not an independent basis for determining where venue is proper, it is the subsection used for determining *residency*, which in turn assists in determining where *venue* is proper.  *See* 28 U.S.C. § 1391(b)-(c).  Absent a special venue statute (such as 28 U.S.C. §1400(a), which is used for copyright actions), venue is only determined under 28 U.S.C. § 1391(b).  *See* 28 U.S.C. § 1391(a)-(b).  In other words, the residency provisions of subsection (c) do not supersede the venue provisions of subsection (b), the two must be read together.

Further, 28 U.S.C. § 1391 cannot provide a basis for venue in this judicial district when this Court lacks personal jurisdiction over Defendants.  *See, e.g., L.A. Gem & Jewelry Design, Inc. v. Reese*, No. CV 15-03035 SJO MRWX, 2015 WL 4163336, at *2 (C.D. Cal. July 9, 2015) ("Thus, in order to determine whether venue is proper in this District, the Court must determine whether it has personal jurisdiction over defendant.") (citing *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*,

4711.002
1874994

456 U.S. 694, 711 n.1 (1982); *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 243 F. Supp. 2d 1073, 1095 (C.D. Cal 2003)).   Since this Court lacks personal jurisdiction over Defendants, venue in this judicial district is improper.  *Id.*

### H.    Plaintiff's Attempts to Discredit Defendants Are Unavailing

#### 1.    No sales were made through Defendants' other websites, which are also all owned and operated solely out of Canada.

Offers for sale on various website do not prove actual sales on those websites. Defendants have been forthcoming with respect to which of their websites sold the jewelry and which did not, as they have already sworn to under oath.  (ECF 27-2 ¶ 16; ECF 27-3 ¶ 16.)  Even if Defendants' sales of the jewelry were made through the other websites (which they were not), there would still be no personal jurisdiction in California because all of Defendants' websites are owned and operated by An & Associates out of Ontario, Canada, and have no property, agents, or other contacts in California, as they have also already sworn to under oath.  (ECF 27-2 ¶¶ 9-12; ECF 27-3 ¶¶ 9-12.)

#### 2.    Plaintiff's recent purchase was inadvertent, and promptly cancelled.

As previously sworn by Defendants, shortly after receiving notice of this suit, An & Associates took down all sales and advertisements for the jewelry at issue.  (ECF 27-2 ¶ 21; ECF 27-3 ¶ 21.)  An & Associates believed that it had already taken all sales and advertisements for the jewelry at issue, but apparently one of those pages was inadvertently not taken down, through which Plaintiff's counsel's law clerk, Ms. Trice, made a purchase last week.  (Nirav Decl. ¶ 21; ECF 28-3 ¶ 10, Ex. G.)  This was completely inadvertent, and Ms. Trice's order has been cancelled, and her credit card has been refunded.  (Nirav Decl. ¶ 22, Ex. 1.) No items have been, or will be, shipped to Ms. Trice.  (*Id.*)

Further, as previously discussed, Ms. Trice's purchase is irrelevant to personal jurisdiction, as plaintiff cannot manufacture personal jurisdiction by causing the

4711.002
1874994

defendants' products to be brought into the forum, and the only contacts that count on a motion to dismiss for lack of personal jurisdiction, are those that existed prior to the initiation of the lawsuit. *L.A. Gem & Jewelry Design, Inc. v. Ecommerce Innovations, LLC*, No. CV 16-9325-RSWL-KSX, 2017 WL 1535084, at *9 (C.D. Cal. Apr. 27, 2017.

### 3.   Defendants' manufacturer, Bob, is a real person.

Defendants previously disclosed the name and contact information of the manufacturer of the jewelry at issue to Plaintiff, Yiwu Beauty World Jewelry Factory (*see* ECF 28-5 at pg. 16).  The owner of that company was identified by his nickname only, Bob, to Plaintiff.  (Nirav Decl.  ¶¶ 23-24.)  Inexplicably, and with no evidence whatsoever (for example, that Plaintiff attempted to contact Bob), Plaintiff suggests in its Opposition that Bob does not exist in an effort to discredit Defendants.  (*See generally* ECF 28.)  Notwithstanding, Bob is a real person and Defendants have personally met him.  (Nirav Decl. ¶ 25.)

### I.   Jurisdictional Discovery Would Not Controvert Defendants' Sworn Statements, and is Unnecessary Since the Record is Sufficiently Developed

Defendants have already filed detailed affidavits demonstrating a complete minimum lack of contacts with California, and the United States.  (*See generally* ECF 27-2; ECF 27-3.)  Jurisdictional discovery would not controvert their sworn statements.

Further, where, as here, "the record [is] sufficiently developed for the district court to rule on all remaining issues pertaining to jurisdiction . . . there [is] no need for the district court to grant additional time for discovery." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006) (affirming denial of request for jurisdictional discovery).  Accordingly, the Court should deny Plaintiff's request.

REPLY IN SUPPORT OF MOTION TO DISMISS

4711.002
1874994

## III.   CONCLUSION

For all the foregoing reasons, and the reasons set forth in Defendants' Motion, the Motion should be granted, and this entire case should be dismissed *with prejudice*.

Dated:  November 20, 2017

BRUTZKUS GUBNER


By: /s/ Jeffrey A. Kobulnick
    JEFFREY A. KOBULNICK
    MICHAEL A. BERNET
Attorneys for Defendants, AN &
ASSOCIATES CO., INC., AMAR
GANDHI, and NIRAV GANDHI

REPLY IN SUPPORT OF MOTION TO DISMISS

4711.002
1874994